UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE ELLIOTT,

                         Plaintiff,              14-CV-6439T

              v.                                 **DECISION**
                                                 **and ORDER**
SNORAC LLC, ENTERPRISE HOLDINGS,
AND JOHN AND JANE DOE,

                         Defendants.
_____


<u>INTRODUCTION</u>

        Plaintiff Bruce Elliott ("plaintiff") brings this action
pursuant to Title 42 U.S.C. § 1983, 42 U.S.C. § 1982, 42 U.S.C.
§ 1981, New York Executive Law § 296, the New York Human Rights Law
("NYHRL"), and New York Labor Law § 740, alleging racial
discrimination, racially hostile work environment, racially
disparate treatment, retaliation, and violation of the New York
State whistleblower's statute arising out of his employment with
defendants SNORAC, LLC ("SNORAC") and Enterprise Holdings
("Enterprise") (collectively "defendants") under Title VII of the
Civil Rights Act of 1964 ("Title VII"). Now before the Court are
defendants' motion to dismiss the complaint pursuant to
Rule 12(b)(6) of the Federal Rules of Civil Procedure and
plaintiff's response in opposition and cross-motion for leave to
amend the complaint.

BACKGROUND

The following facts are taken from the complaint and documents filed in support of the parties' motions. Plaintiff, an African American individual, began his employment with defendants on August 6, 2004. The complaint and proposed amended complaint contain a number of general allegations of discrimination that defendants knowingly maintained policies and practices that "discriminate against persons because of their race or ethnicity."

Plaintiff specifically alleges that defendants and their employees: openly mocked "the alleged dialect of African Americans"; assigned menial tasks to African American employees; instructed employees to rent "less desirable" and "less safe" vehicles to African American customers, including vehicles with low tire thread and engine-related warnings; used racially-offensive phrases, including referring to African American employees as slaves; repeatedly promoted less qualified Caucasian employees over plaintiff; and terminated plaintiff from his position at some point after he complained about the discriminatory practices. Each count in the complaint and the proposed amended complaint relies on the above allegations.

**DISCUSSION**

I.   **Standard for Motion to Dismiss**

When evaluating a Rule 12(b)(6) motion to dismiss the complaint, a court must ascertain, after presuming all factual

allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for which relief can be granted. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008)*; Ferran v. Town of Nassau*, 11 F.3rd 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994). The complaint must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, the pleadings "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II. Hostile work environment

To establish a hostile work environment claim, a plaintiff must plausibly "show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his] employment were thereby altered." *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 723-724 (2d Cir.2010) (internal quotation marks omitted); *see also Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). The incidents of harassment must be either be pervasive in their regularity or consisting of "'a single incident that is extraordinarily severe'" (*Fincher*, 604 F.3d at 724, quoting *Cruz v.*

*Coach Stores*, Inc., 202 F.3d 560, 570 [2d Cir.2000]), and plaintiff must "show a specific basis for imputing the conduct that created the hostile work environment to [his] employer." *McCullough v. Xerox Corp.,* 942 F.Supp.2d 380, 385 (W.D.N.Y. 2013).

Here, plaintiff alleges that at some point during his employment with SNORAC, unidentified employees mocked the dialect of African Americans people, made racially offensive comments, assigned menial tasks to African American employees, and instructed them to rent less safe and less desirable vehicles to African American customers.  The complaint and the proposed amended complaint does not provide allegations of when, where, by whom, or to whom these comments were made or how often these incidents occurred.  Although conclusory words and phrases such as "discrimination," "discriminatory practices" and "racially hostile" are liberally scattered throughout the complaint and the proposed amended complaint, the conduct described by plaintiff falls short, as a matter of law, of pleading discriminatory conduct that is so severe or pervasive as to render plaintiff's hostile work environment claims plausible.  There is, moreover, no allegation that these incidents occurred frequently or even regularly.  Consequently, this claim must be dismissed.

## III. Disparate treatment

To establish a disparate treatment discrimination claim, plaintiff must show that he: (1) is a member of a protected group;

(2) was qualified to perform the duties required by his position; (3) was subjected to an adverse employment action; and (4) the adverse employment action occurred in circumstances that gave rise to an inference of discrimination. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir.2003). The burden then shifts to the defendant to provide "'a legitimate, non-discriminatory reason for its employment decision.'" *Lopez v. Flight Services & Systems, Inc.*, 881 F.Supp.2d 431, 439 (W.D.N.Y. 2012), *quoting Butts v. NYC Dept. of Housing Preservation and Dev.*, 307 Fed.Appx. 596, 598-99 (2d Cir.2009). If defendants are able to articulate neutral reason for their action, "the burden shifts back to the plaintiff to present sufficient evidence for a reasonable jury to conclude that defendants discriminated against him because of his [race]." *Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir. 2000) (internal quotation marks omitted).

Here, plaintiff contends that he suffered disparate treatment discrimination when he and other African American employees were treated "differently on account of their race" by defendants, their staff, employees, and agents. Plaintiff also contend that defendants repeatedly promoted Caucasian employees even though he had "superior qualifications." However, there is no allegation that plaintiff was qualified for and denied a promotion for which he applied. *See Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir.2000). None of the allegations state that plaintiff was

subjected to adverse employment action, aside from the nonspecific contention that he was treated "differently" on the basis of his race.     Therefore, plaintiff's disparate treatment claim is dismissed.

## IV.  NYHRL

Because plaintiff's failure to state a claim for which relief can be granted for racially hostile work environment, disparate treatment, and retaliation, his claim of racial discrimination under NYHRL arising therefrom must be also be dismissed.

## V.  New York Labor Law § 740 (Whistleblower's Statute)

Section 740 of New York Labor Law, the "whistle blower" statute, "is designed to protect employees from retaliation from their employers when they expose illegal activity which poses a danger to the public health or safety." *Carter v. New York City Dept. of Corrections*, 7 Fed.Appx. 99, 104 (2d Cir.2001), citing N.Y. Lab. Law Art. 20-C § 740(2) and *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir.1995). An employee is protected from retaliation by his employer when he discloses or threatens to disclose the illegal activity to a supervisor or public body or when he objects to, or refuses to participate in, any such activity. *See* N.Y. Labor Law § 740(2)(a).

Plaintiff alleges that defendants violated section 740 by subjecting him to unspecified "adverse employment action" at some point after he "complained, disclosed, threatened to disclose,

objected to or refused to participate" in the unsafe practice of renting vehicles with low tire treads and emissions or other engine-related warnings.  Defendants contend that plaintiff failed to allege that: (1) he reported any practices or policies to a supervisor or public body; (2) the practices or polices alleged in the complaint posed a substantial threat to public health or safety; and (3) such practices were unlawful.  Defendant's memorandum of law, pp. 5-11.

The Court finds that plaintiff has failed to state a claim under section 740.  The allegations set forth in the complaint and the proposed amended complaint do not state claim pursuant to either section 740(2)(a) or section 740(2)(c).  Moreover, plaintiff fails to allege a violation of law related to  his nonspecific allegation of "low tire treads" and "engine related warnings." Consequently, plaintiff's § 740 claim must be dismissed.

The Court's foregoing findings render moot defendants' contention that New York Labor Law § 740(7), commonly referred to as the waiver provision, precludes  plaintiff's discrimination claims. Defendant's memorandum of law, pp. 12-14.  Section 740(7) provides, in pertinent part, that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." N.Y. Labor Law § 740(7).  Thus, any cause of action asserted

by plaintiff that arises out of the same retaliatory claim upon which the section 740 claim is based would be subject to the waiver provision. *See Collette v. St. Luke's Roosevelt Hosp.,* 132 F.Supp.2d 256, 262 (S.D.N.Y.2001)

## CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend the complaint is denied, and defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted, without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          April 22, 2015

8